FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

98 MAY -5 PM 2: 55

U.S. DISTRICT COURT
N.D. OF ALABAMA

CONSTRUCTION SERVICES, INC.,          ]
                                      ]
        Plaintiff(s),                 ]
                                      ]
vs.                                   ]       CV 98-N-0628-NE
                                      ]
WATKINS MOTOR LINES, INC.,            ]
                                      ]
        Defendant(s).                 ]

ENTERED

MAY 6 1998

## MEMORANDUM OF OPINION

### I.    Introduction.

In this case, the plaintiff, Construction Services, Inc., ("CSI"), brings claims against

the defendant, Watkins Motor Lines, Inc., ("Watkins"), pursuant to Alabama law.

Specifically, the plaintiff contends that the defendant breached its transportation contract

with the plaintiff by causing or allowing the transported goods to become damaged during

transit from Decatur, Alabama, to Las Vegas, Nevada, and that the defendant negligently

transported such goods, resulting in the goods being damaged. *Complaint*, ¶¶ 1-9.

This action was originally brought in the Circuit Court of Morgan County, Alabama,

and was removed to this court on March 18, 1998.  The defendant asserts in its Notice of

Removal that, based upon the allegations contained in the plaintiff's complaint, this action

is a suit of a civil nature of which this court has federal subject-matter jurisdiction pursuant

to the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706.

The action is presently before the Court on CSI's motion to remand, which was filed

on March 31, 1998, and the defendant's March 26, 1998, motion to dismiss Count II of the

10

plaintiff's complaint, together with an April 9, 1998, motion to amend its motion to dismiss
to encompass the entire complaint. The motions have been briefed by the parties and are
ripe for decision. Upon due consideration, the motion to remand will be denied, the motion
to amend the motion to dismiss and the motion to dismiss will be granted.

## II.    Allegations of the Complaint.

In its complaint, plaintiff CSI alleges that on or about June 30, 1997, CSI contracted
with Watkins for Watkins to transport certain steel material from the CSI facility in Decatur,
Alabama, to a purchaser located in Las Vegas, Nevada. The materials were received for
transport by Watkins at CSI's facility and were delivered to the purchaser in Las Vegas,
Nevada.[1]  CSI avers that Watkins breached its contract by causing or allowing the steel
materials to become damaged during transit or otherwise while the materials were in
Watkins' custody and control, and further caused the materials to be delivered to the
purchaser in a damaged and unusable condition. *Complaint*, ¶ 5. As a result of this
breach, the plaintiff claims damages in the amount of the replacement cost of the materials,
$24,272.89. *Id.* ¶ 6.

The plaintiff also alleges that Watkins negligently transported the steel materials
causing the materials to become damaged and impaired, and that Watkins' negligence
resulted in the materials being delivered to the purchaser in a damaged and unusable
condition. *Complaint* ¶ 8. As a result of this negligence, the plaintiff claims damages in the
amount of the replacement cost of the materials, $24,272.89. *Id.* ¶ 9.

---

[1]    The plaintiff alleges that the materials were in the defendant's custody and control from the date of
receipt from the plaintiff until the time of delivery in Las Vegas, Nevada. *Complaint* ¶4.

## III.   Discussion.

### A.   Plaintiff's Motion to Remand.

The Court must remand a removed action if, at any time prior to final judgment, it appears that subject-matter jurisdiction is lacking. *See* 28 U.S.C. § 1447(c) (1998).  The removal statute, 28 U.S.C. § 1441 *et seq.*, must be strictly construed against removal, and any doubts should be resolved in favor of the remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  The general removal statute provides that:

> [e]xcept as otherwise expressly provided by act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (1998).

The defendant, as the party wishing to invoke the jurisdiction of this Court, bears the burden of establishing subject-matter jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144 (1921) (stating that the defendant bears the burden of establishing subject matter jurisdiction for removed actions).  Defendant Watkins argues that jurisdiction is conferred by section 1337(a), because CSI states a cause of action under the Carmack Amendment to the Interstate Commerce Act ("Carmack Amendment"),[2] which regulates the delivery rates charged by carriers in interstate commerce. *See Notice of Removal*, at 2.

---

[2]  The Carmack Amendment is codified under various provisions appearing in 49 United States Code.

3

Section 1337(a) provides, in pertinent part: "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce." 28 U.S.C. § 1337(a); *see also* 28 U.S.C. § 1447(b) (1998) (providing district courts with subject-matter jurisdiction over all removed cases falling within its original jurisdiction).[3]  A cause of action is one "arising under an Act of Congress" if, ignoring any references to anticipated defenses, a federal question appears from the well-pleaded complaint.  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 96 L. Ed. 2d 318 (1987) (discussing the meaning of "arising under [federal law]" as used in 28 U.S.C. § 1331)).[4]  A complaint not facially referring to federal law may nonetheless arise under federal law if the plaintiff has artfully pled in terms of state law what is actually a federal claim, or if the claim asserted is truly federal in nature because federal law preempts the entire field in which the claim is brought.  *See, e.g., Aaron v. National Union Fire Ins. Co. of Pittsburg*, 876 F.2d 1157, 1161 (5th Cir. 1989); *Davis v. North American Van Lines, Inc.*, 934 F. Supp. 245, 248 (S.D. Tex. 1996).

Watkins tacitly concedes, and the Court independently finds, that the Complaint facially contains no reference to the Carmack Amendment or any other federal law. Instead, Watkins argues that CSI's claims are, in substance, governed exclusively by the

---

[3]  Section 1337(a) also states that "the district courts shall have original jurisdiction of an action brought under [the Carmack Amendment], only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs."  *Id.*  It appears from the face of the Complaint, and the parties do not dispute, that all requirements concerning the amount in controversy are satisfied in the case at bar.

[4]  The "arising under" provision of section 1337(a) is identical in meaning to the "arising under" provision of section 1331.  *See Maritime Service Corp. v. Sweet Brokerage De Puerto Rico, Inc.*, 537 F.2d 560, 561 n.1 (1st Cir. 1976) (citing *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 n.1 (9th Cir. 1973) and *Russo v. Kirby*, 453 F.2d 548, 551 n.2 (2nd Cir. 1971).

Carmack Amendment, and that they are, in actuality, federal claims because they are within

the field of claims completely preempted by the Carmack Amendment. *See Defendant's*

*Memorandum of Law in Opposition to Plaintiff's Motion to Remand*, at 1-3. The Court

notes there is no disagreement among the parties that the Carmack Amendment is "an Act

of Congress regulating commerce" within the meaning of section 1337(a). *See Eazor*

*Express v. Pennsylvania R.R. Co.*, 214 F. Supp. 695, 696 (W.D. Pa. 1963)).

Defendant Watkins contends that CSI's claims are federal in nature because they fall

within the scope of claims which are preempted by the Carmack Amendment. As

interpreted by the United States Supreme Court, the Carmack Amendment preempts all

state causes of action for "damages resulting from any failure to discharge a carrier's duty

with respect to any part of the transportation to the agreed destination." *Southeastern*

*Express Co. v. Pastime Amusement Co.*, 299 U.S. 28, 29, 57 S. Ct. 73, 74, 81 L. Ed. 20 (1936)

(identifying the "underlying principle[s]" guiding the preemptive scope of the Carmack

Amendment as being "that the carrier is entitled to base rates upon value and that its

compensation should bear a reasonable relation to the risk and responsibility assumed"

and noting that the purpose of the enactment is "to compel the establishment of reasonable

rates and to provide for their uniform application"); *see also Adams Express Co. v.*

*Croninger*, 226 U.S. 491, 505-06, 33 S. Ct. 148, 151-52, 57 L. Ed. 314 (1913) (describing the

purpose of the Carmack Amendment as to create a uniform rule on the liability of common

carriers under bills of lading for "loss, damage or injury" to the property transported).

Duties of the carrier include those obligations which are "an integral part of the

normal undertaking of the carrier." *New York, Philadelphia, & Norfolk R.R. Co. v. Peninsula*

5

*Produce Exchange of Md.*, 240 U.S. 34, 38-39, 36 S. Ct. 230, 231-32, 60 L. Ed. 511 (1916). In the instant case, CSI avers that Watkins breached a duty which is integral to the interstate shipment of goods. *See Complaint*, ¶¶ 1-9. Most courts, including this one, have held that claims not asserted under the Carmack Amendment are preempted if they seek to recover for damage or loss to goods during shipment, for misdelivery or untimely delivery of goods, for failure of the carrier to fulfill duties closely related to its duty of delivery, or for charging an improper rate for transporting goods. *See Cleveland v. Beltman North American Co., Inc.*, 30 F.3d 373, 379 (2d Cir. 1994) (holding that the Carmack Amendment preempts federal common-law claims for goods lost or damaged during transport and for untimely delivery); *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 306-07 (5th Cir. 1993) (holding that the Carmack Amendment preempts state claims seeking recovery for untimely delivery of goods); *Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 706-07 (4th Cir. 1993) (holding that the Carmack Amendment preempts state claims for damage to property incurred during the course of delivery); *Hughes Aircraft Co. v. North American Van Lines, Inc.*, 970 F.2d 609, 613 (9th Cir. 1992) (holding state claims for damage to goods occurring during their delivery are preempted by the Carmack Amendment); *Underwriters at Lloyds of London v. North American Van Lines*, 890 F.2d 1112, 1121 (10th Cir. 1989) (holding that the Carmack Amendment preempts state claims for property destroyed or damaged during the course of delivery under a bill of lading); *Intech, Inc. v. Consolidated Freightways, Inc.*, 836 F.2d 672, 677 (1st Cir. 1987) (holding that the Carmack Amendment preempts state claims for damages resulting from breach of a carrier's duty to deliver goods); *Paulson v. Greyhound Lines, Inc.*, 804 F.2d 506, 507-08 (8th Cir. 1986) (holding that the Carmack Amendment

preempts state claims to recover for breach of a carrier's warranty of timely delivery if the governing tariff states that timely delivery cannot be guaranteed); *Air Prods. & Chems., Inc. v. Illinois Cent. Gulf R.R. Co.*, 721 F.2d 483, 487-88 (5th Cir. 1983), *cert. denied*, 469 U.S. 832, 105 S. Ct. 122, 83 L. Ed. 2d 64 (1984) (holding that a consignee could maintain an action against the carrier for misdelivery of contaminating chemicals under the Carmack Amendment); *Consolidated Freightways Corp. of Del. v. Terry Tuck, Inc.*, 612 F.2d 465, 466 (9th Cir. 1980) (holding that state claims cannot be asserted to recover for misquotations of shipping rates which are specified in tariffs); *Fulton v. Chicago, Rock Island & Pacific R.R. Co.*, 481 F.2d 326, 331-32 (8th Cir. 1973) (holding that the Carmack Amendment preempts negligence claims against common carriers for damage to goods occurring during transport); *W.D. Lawson & Co. v. Penn Central Co.*, 456 F.2d 419, 421 (6th Cir. 1972) (holding that state claims for damage to goods occurring during shipment are preempted by the Carmack Amendment); *Pietro Culotta Grapes Ltd. v. Southern Pacific Transp. Co.*, 917 F. Supp. 713, 716-17 (E.D. Cal. 1996) (holding that the Carmack Amendment preempts state claims for untimely delivery and for damage to goods during shipment); *American Eye Way, Inc. v. Roadway Package System, Inc.*, 875 F. Supp. 820, 820-21 (S.D. Fla. 1995) (holding that the Carmack Amendment preempts a shipper's state claims to recover damages for a carrier's failure to acquire cash on delivery from the recipient of the transported goods sold by the shipper); *Adelman v. Hub City Los Angeles Terminal, Inc.*, 856 F. Supp. 1544, 1551-52 (N.D. Ala. 1994) (holding that Carmack Amendment preempts state common law claims of a shipper against a common carrier for goods lost or damaged during interstate transportation); *Schultz v. Auld*, 848 F. Supp. 1497, 1502-04 (D. Idaho 1993)

7

(holding that the Carmack Amendment preempts state claims for recovery for goods which have been lost or damaged during shipment); *United Van Lines, Inc. v. Shooster*, 860 F. Supp. 826, 827-29 (S.D. Fla.1992) (holding that state counterclaims cannot be brought against the carrier to avoid full payment for shipment as determined by the rate specified in the governing tariff); *Margetson v. United Van Lines, Inc.*, 785 F. Supp. 917, 919-20 (D. N.M. 1991) (holding that the Carmack Amendment preempts state claims for improper delivery of goods and damage to goods occurring during shipment); *Pierre v. United Parcel Serv., Inc.*, 774 F. Supp. 1149, 1150-51 (N.D. Ill. 1991) (holding that the Carmack Amendment preempts state claims for loss of goods during delivery and for misdelivery of goods, if the carrier is alleged not to have limited its liability in conformity with the Carmack Amendment); *Suarez v. United Van Lines, Inc.*, 791 F. Supp. 815, 816 (D. Colo. 1992) (holding that claims for damages to goods occurring during shipment are preempted by the Carmack Amendment).

Accordingly, the Court finds that the artful pleading doctrine supports the exercise of subject-matter jurisdiction in this case and the plaintiff's motion to remand will thus be denied.

**B.     Defendant's Motion to Dismiss.**

Also pending before the Court are the defendant's March 26, 1998, motion to dismiss Count II of the plaintiff's complaint, together with an April 9, 1998, motion to amend its motion to dismiss to encompass the entire complaint. Because the Court concludes that the Carmack Amendment provides the exclusive remedy of a shipper against a common carrier for goods lost or damaged during interstate transportation, *see* Part III(A) *supra*,

8

the defendant's motions will be granted to the right of the plaintiff to replead within fifteen (15) days any applicable federal claims that may be available to it.

## IV.   Conclusion.

The Court is satisfied that this case was properly removed to this court pursuant to 28 U.S.C. § 1441 *et seq* (1998).  Further, the Court is satisfied that the plaintiff's claims against the defendant named in this case arise under the Carmack Amendment.  The Court has jurisdiction pursuant to 28 U.S.C. § 1337(a) (1998).  As a result, the plaintiff's state law claims are preempted.  Accordingly, the plaintiff's motion to remand will be **DENIED**.  The plaintiff will be allowed fifteen (15) days in which to amend its complaint to state any applicable federal claims that may be available to it.  If no amendment has been filed within the allowed period, the action will be dismissed.

Done, this _____ of  May, 1998.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE